IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| Kenneth Helgeson; Island Mountain Benefactors; Gros Ventre Tribe; Assiniboine Tribe; Fort Belknap Indian Community,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America; Secretary of Interior; Bureau of Land Management; Bureau of Indian Affairs; 1-10 Unknown Named John Does,<br><br>Defendants. | CV-10-71-SEH-RKS<br><br>**RECOMMENDATION AND ORDER TO DENY IFP AND COUNSEL** |

Pending are Mr. Kenneth Helgeson's motion to proceed in forma pauperis (C.D. 1), complaint (C.D. 2), and motion to appoint counsel (C.D. 4). Jurisdiction lies under 28 U.S.C. §§ 1331, 1346.

## I.   Motion to Proceed In Forma Pauperis

Indigent litigants may proceed in forma pauperis upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v.*

*Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Lack of standing is also a sufficient reason to deny a motion to proceed in forma pauperis. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). Mr. Hegleson's motion should be denied because: (1) the entities listed as plaintiffs in his complaint cannot proceed pro se nor can he represent them, and (2) he lacks standing to proceed individually.

Mr. Helgeson's complaint lists Mr. Helgeson, Island Mountain Protectors, Gros Ventre Tribe, Assiniboine Tribe, and the Fort Belknap Indian Community as plaintiffs. Mr. Helgeson may appear pro se and file individual claims on his own behalf. However, as artificial or sovereign tribal entities, the remaining plaintiffs may not proceed pro se. See L.R. 83.15(b); D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S.Ct. 716 (1993). All plaintiffs apart from Mr. Helgeson should be dismissed without prejudice.

Mr. Helgeson's individual claim should also be dismissed because he lacks

standing. A litigant must have standing under Article III of the U.S. Constitution to state a claim. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006). The Constitution limits "federal court jurisdiction to actual cases or controversies." *Id.* at 342. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). The plaintiff's injury must be "actual or imminent" and not hypothetical in order to have standing. *Id.* at 344 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Mr. Helgeson's complaint seeks quiet title to property he alleges rightfully belongs to the Gros Ventre and Assiniboine Tribes of the Fort Belknap Indian Reservation. Mr. Helgeson alleges the United States violated the Fort Laramie Treaty of 1868, the Blackfeet Treaty, and the Grinnell Agreement by failing to return the land acquired by the Tribes through these treaties or pay the Tribes for use of the land. (C.D. 2)

Mr. Helgeson fails to allege any actual or imminent personal injury that he has sustained by these violations. Mr. Helgeson subsequently fails to describe how the relief he requests–return of the land and payment for its use with interest–will address any injury he has personally suffered. Mr. Helgeson lacks the standing required under Article III of the U.S. Constitution to give this Court

jurisdiction. Mr. Helgeson's motion to proceed in forma pauperis should be denied, and his complaint should be dismissed.

## II.     Motion to Appoint Counsel

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). In fact, unlike in criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Further, much different from a criminal case, a judge may only even request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

As Mr. Helgeson's motion to proceed in forma pauperis and complaint have been recommended for dismissal, his motion to appoint counsel will be denied.

Mr. Helgeson is not entitled to a ten-day period to object, so this Order will be entered directly upon endorsement. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

Based on the foregoing, the Court issues the following:

### ORDER

1. Mr. Helgeson's Motion for Appointment of Counsel (Court Doc. 4) is DENIED.

The Court also **RECOMMENDS** that the following Order be issued by Judge Haddon.

DATED this 17 day of November, 2010.

*Keith Strong*
Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong, the Court issues the following:

### ORDER

1. Mr. Helgeson's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED** for lack of standing.

2) The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 17th day of November, 2010.

*[signature]*

SAM E. HADDON
United States District Judge